### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CASEY DIDAS,** | : | **CIVIL NO. 1:CV-11-01660** |
| **Plaintiff** | : | (Judge Rambo) |
| v. | : | |
| **JEFFREY L. HOLLISTER,** | : | |
| **Defendant** | : | |

## M E M O R A N D U M

Plaintiff Casey Didas initiated this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 on September 2, 2011. (Doc. 1.) He has also submitted a motion for leave to proceed *in forma pauperis*. (Doc. 2.) In his complaint, Plaintiff claims that Defendant Jeffrey L. Hollister, a district magistrate located in Montrose, Pennsylvania (*see* Doc. 1 at 5), refused to accept his *pro se* filings related to a detainer placed upon him on June 6, 2006. As relief, he seeks monetary damages and declaratory relief.

The complaint is presently before the court for preliminary screening pursuant to 28 U.S.C. § 1915. This section governs proceedings filed *in forma pauperis* and applies to prisoners and nonprisoners alike. *See Newsome v. Equal Employ't Opportunity Comm'n*, 301 F.3d 227, 231-33 (5th Cir. 2002); *Purveegiin v. Donate*, Civ. No. 3:07-cv-0593, 2007 WL 3275206, at *1 (Nov. 6, 2007); *Fullman v. Pennsylvania Dep't of Corrections*, Civ. No. 4:07-CV-0079, 2007 WL

257617, at *1 (M.D. Pa. Jan. 25, 2007). For the reasons that follow, the complaint will be dismissed, *sua sponte*, for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. Background

The complaint alleges the following. Plaintiff claims that on June 6, 2006, he was before Magistrate Hollister on charges of terroristic threats and harassment. (Doc. 1 at 2.) At that time, Magistrate Hollister placed a detainer on Plaintiff "because once Plaintiff was released from state prison, the magistrate could arrange transportation from the state prison to the district court to make payment arrangements for a fine." (*Id*.) On April 20, 2010, Plaintiff filed a *pro se* motion to dismiss before Magistrate Hollister "because he had arranged reliable transportation from the state prison to the district court." (*Id*.) The *pro se* motion was not docketed and no further action on it was taken. (*Id*.) Plaintiff attempted to contact Magistrate Hollister several times, but was informed by district court staff that Magistrate Hollister did not take action on *pro se* filings. (*Id*.) Subsequently, Plaintiff gave his mother power of attorney in order to have her contact the court, which she did, and a payment plan was set up and the fine paid. (*Id*. at 2-3.)

Plaintiff filed the instant complaint on September 2, 2011. (Doc. 1.) In the complaint, Plaintiff asserts that Magistrate Hollister's refusal to accept *pro se* filings constituted a denial of access to the courts. He also claims that Magistrate Hollister violated his right to equal protection under the law by refusing to accept such filings.

**II.     Discussion**

Pursuant to 28 U.S.C. § 1915(e)(2), a court shall review a complaint in a civil action and dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A district court may determine that process should not be issued if the complaint presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990) (quoting *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990)).

Here, Plaintiff is challenging the actions of Magistrate Hollister performed in his official capacity and thus Magistrate Hollister is entitled to judicial immunity. The United States Supreme Court has long recognized that judges are generally immune from suit under section 1983 for monetary damages arising from their judicial acts. *See Mireles v. Waco*, 502 U.S. 9 (1991). A judge will only be subject to liability for official acts "when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Immunity will not be forfeited because a judge has committed "grave procedural error" or has allegedly acted with "malice or corruption of motive." *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769-72 (3d Cir. 2000) (citations omitted). Further, "[d]isagreement with the action taken by the judge, however, does not justify depriving the judge of his immunity." *Stump*, 435 U.S. at 363.

In the instant case, Plaintiff's claims reflect that he disagrees with Magistrate Hollister's rulings and action in his case. His allegations that Magistrate Hollister refused to accept *pro se* filings in violation of his right to access to the courts and equal protection are insufficient to demonstrate that Magistrate Hollister acted in the absence of jurisdiction or otherwise exceeded his scope of authority. Therefore, the court concludes that Magistrate Hollister is immune from suit and Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate order will issue.

                                                  s/Sylvia H. Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated: September 22, 2011.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CASEY DIDAS,** | : | **CIVIL NO. 1:CV-11-01660** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **JEFFREY L. HOLLISTER,** | : | |
| **Defendant** | : | |

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED** for the sole purpose of filing this action.

2) Plaintiff's complaint (Doc. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3) The Clerk of Court is directed to **CLOSE** this case.

5) Any appeal from this order will be deemed frivolous, without probable cause, and not taken in good faith.

                                             s/Sylvia H. Rambo  
                                             SYLVIA H. RAMBO  
                                             United States District Judge

Dated:  September 22, 2011.